UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

---------------------------------------------------------------------------x

Marquita Jackson,

        Plaintiff,

    -against-

Equifax Information Services, LLC,
Automotive Credit Corp.,

        Defendant(s).

---------------------------------------------------------------------------x

C.A. No.: 3:24-cv-358

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Marquita Jackson ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Automotive Credit Corp. ("Automotive"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

1

## PARTIES

4. Plaintiff is a resident of the State of North Carolina, County of Mecklenburg.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of North Carolina and may be served with process upon the Corporation Service Company, its registered agent for service of process at 2626 Glenwood Ave Ste 550 Raleigh, NC 27608-1370.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Automotive is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon the Corporation Service Company, its registered agent for service of process at 2626 Glenwood Ave Ste 550 Raleigh, NC 27608-1370.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. This Complaint pertains to Plaintiff's Automotive Credit Corp. account with an account number of 20******445 ("Account").

12. Plaintiff Purchased a vehicle from Automotive on or around January 14, 2022.

13. On February 22, 2022, Plaintiff was unfortunately involved in an automobile accident which resulted in the Automotive truck being totaled.

14. As Plaintiff maintained insurance, the insurance carrier was legally responsible for repayment of any damage to the vehicle.

15. Plaintiff filed a claim with her insurance company for the damage of the totaled truck.

16. While awaiting to hear on the settlement and resolution of her claim, Plaintiff, being a responsible consumer, continued to make her monthly payments.

17. On March 23, 2022, Dairyland Insurance issued check #97A926304 to Automotive in the amount of $37,606.87 completing the claim made by Plaintiff.

18. On April 1, 2022, the payment check was deposited and cashed by Automotive.

19. Plaintiff did not receive any further invoices or statements from Automotive and was therefore under the reasonable assumption that the debt was satisfied in full.

20. Unexpectedly in May 2022, Plaintiff received a call from a Law Firm notifying Plaintiff that she owed an outstanding balance to Automotive due to a deductible.

21. Equifax did not report a charge off with a balance of $4,591 until on or around June 29, 2022.

22. The balance was satisfied in full before the charged-off balance was reported.

23. Plaintiff immediately made the payment for the outstanding balance on May 13, 2022.

24. Despite Automotive being paid in full, the Account began reporting as a charged-off account as of June 29, 2022.

25. Upon the discovery that her account was reporting as a derogatory account, Plaintiff called Equifax and spoke to a representative named Deepak, who advised he was unable to resolve the issue but told Plaintiff to dispute the inaccurate information and assured Plaintiff that if the appropriate proof was included in the dispute the Account would be deleted from her credit report.

## Automotive Credit Corp. Dispute and Violation

26. Upon information and belief, on a date better known to Equifax or Bureau, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

27. The inaccurate information furnished by Automotive and published by Equifax is inaccurate since the Account is listed as a charge-off when in fact it was paid in full satisfaction of the debt.

28. It is materially misleading to report the Account as a charge-off, which is the worst type of derogatory account on a consumer credit report when the creditor was paid in full on time.

29. To the extent that insurance delayed in paying the Account or the extent that the creditor or its agents delayed in informing Plaintiff of a residual balance, Plaintiff should not be held accountable for other entities' mistakes and incompetence.

30. Credit reporting functions as a representation of a consumer's creditworthiness to potential lenders.

31. Defendants' erroneous reporting serves to misinform potential lenders of Plaintiff's ability to timely pay back on her debts.

32. The Account is the only derogatory account listed on Plaintiff's Equifax's credit report.

33. Listing the Account as a charge-off is inaccurate as it falsely connotes the fact that Automotive took a loss on this Account.

34. In fact, Automotive was paid in full despite the accident.

35. As soon as Plaintiff became aware of the derogatory notation on her credit report, Plaintiff contacted Equifax and was told to dispute the inaccurate information along with supporting documentation and the Account would be deleted from Plaintiff's credit report.

36. Plaintiff duly disputed the inaccurate information with Equifax numerous times, all to no avail.

37. In her disputes, Plaintiff explained the background story behind this Account and why the derogatory notation should be removed from her credit report.

38. Additionally, Plaintiff included in her dispute proof that the vehicle was paid in full in a timely manner.

39. As no change was made to Plaintiff's Equifax reporting, Plaintiff disputed again.

40. Transunion and Experian both investigated the dispute they received from Plaintiff and correctly deleted the derogatory Account from Plaintiff's credit report.

41. Upon information and belief, Equifax sent Automotive notice of Plaintiff's dispute.

42. Upon receipt of Plaintiff's Account dispute letter from Equifax, Automotive failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

43. Had Automotive performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Automotive that the vehicle was paid for in full and no loss was incurred so should therefore not be listed as a charged-off account.

44. Despite Plaintiff's dispute that the information on her consumer reports was inaccurate with respect to the disputed Account, Equifax did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

45. Had Equifax performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Equifax that the Account was reporting inaccurately.

46. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

47. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

48. Upon receipt of the dispute of the Account from the Plaintiff, Automotive failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

49. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving each of Plaintiff's dispute letters.

50. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

51. Plaintiff applied for a credit card with PenFed and received a denial referencing her application number 49372068.

52. Plaintiff applied for a personal loan from DCU and was denied in a notice dated December 15, 2023.

53. Plaintiff applied for a Chase business credit card and was denied in a letter dated March 4, 2024.

54. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to Equifax)**

55. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

57. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

58. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

   h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

59. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future

applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

61. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Marquita Jackson, an individual, demands judgement in her favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Equifax)**

62. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

64. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

65. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

9

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

66. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

67. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

68. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marquita Jackson, an individual, demands judgement in her favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Automotive)

69. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

70. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

71. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

72. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

73. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

74. Automotive violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by

failing to correctly report results of an accurate investigation to the credit reporting agencies.

75. As a result of the conduct, action and inaction of Automotive, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

76. The conduct, action and inaction of Automotive was willful, rendering Automotive liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

77. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Automotive in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marquita Jackson, an individual demands judgement in her favor against Automotive in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Automotive)**

78. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

80. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

81. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

82. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

83. Automotive is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

84. After receiving the Dispute Notice from Equifax, Automotive negligently failed to conduct its reinvestigation in good faith.

85. A reasonable investigation would require a furnisher such as Automotive to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

86. The conduct, action and inaction of Automotive was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

87. As a result of the conduct, action and inaction of Automotive, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

88. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Automotive in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marquita Jackson, an individual, demands judgement in her favor against Automotive for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

89. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 2, 2024                                    Respectfully Submitted,

**The Emory Law Firm, P.C.**

*s/ C. Randolph Emory*
C. Randolph Emory, Esq.
The Emory Law Firm, P.C.
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Ph: 704-371-4333
remory@theemorylawfirm.com

/s/ *Tamir Saland*
**Stein Saks, PLLC**
By: Tamir Saland
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
tsaland@steinsakslegal.com
*PRO HAC VICE TO BE FILED*

*Attorneys for Plaintiff*